IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON HUNT HOLLEY #182163, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01148 |
| ) | |
| METRO NASHVILLE POLICE ) | Senior Judge Nixon |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM

Jason Hunt Holley, an inmate of the Metro-Davidson County Detention Facility, has filed a *pro se* complaint for alleged violation of his civil rights under 42 U.S.C. § 1983. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1916(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.  Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state

a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Factual Allegations

The plaintiff alleges that on the night of October 30, 2013, Metro police officers Tuberville and Straub used excessive force on him in the course of taking him into custody for reasons not specified in the complaint. Specifically, he alleges that defendant Tuberville hit him repeatedly in the face, and that defendant Straub dragged him some distance across the ground by his feet. The plaintiff alleges that the assault ended when other officers arrived on the scene. He alleges that as a result of the officers' excessive force, he suffered a fractured jaw, injuries to his teeth, a busted eardrum and "road rash burns" to his face. Further, the plaintiff alleges that the defendant officers arrested him without reasonable suspicion or probable cause. He alleges

that he lodged a complaint about the officers' actions, and that on May 26, 2015, he learned that Metro's internal affairs office has sustained a finding of failure to cooperate/withholding information against defendant Straub and abusive treatment and false/inaccurate reporting against defendant Tuberville.

The plaintiff also alleges that he has received inadequate medical treatment for his injuries while incarcerated, due to the "negligence and failure of the Davidson County Sheriff's Office to transport me to receive proper medical treatment." Specifically, he alleges that although he was not treated for his injuries Nashville General Hospital at Meharry immediately after the incident, and was transported to the Davidson County Jail, where staff diagnosed the injuries to his jaw, teeth and ear by x-ray three days after the incident. The plaintiff alleges that two weeks later he was taken back to Meharry for dental evaluation, but did not receive reconstructive surgery for his jaw. He was returned to Meharry more than a year later, on April 9, 2015, where someone "determined they would not perform the surgery" but did remove an injured tooth.

The plaintiff alleges that the defendants' actions have violated his rights under the Fourth and Eighth Amendments seeks unspecified compensatory and punitive damages.

### III. Discussion

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that

"the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

   A. Deliberate Indifference to Medical Needs

Whether the plaintiff is a convicted inmate, whose claims would be analyzed under the Eighth Amendment, or a pretrial detainee, whose claims would be analyzed under the Fourteenth Amendment, the standard for adequate medical care is the same: to state a claim for relief under § 1983, the plaintiff must allege that the defendant was deliberately indifferent to his serious medical needs, meaning that the defendant knew of and disregarded a substantial risk of serious harm to the plaintiff's health. *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009) (citing *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) and *Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994)).

For the purpose of satisfying the objective component of this test, the Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted). In this case, the fact that the plaintiff was repeatedly taken to the hospital about his injuries presumably indicates that staff had found that such intervention was necessary. Construing the facts liberally in the plaintiff's favor for the purpose of initial review, the court finds that his injuries were sufficiently serious that this claim is not objectively frivolous on its face.

The subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate

indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To establish the subjective component of this alleged violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835–36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5. Notwithstanding, the Sixth Circuit has also recognized that "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id.*

Construing the plaintiff's complaint liberally, as the court must at this stage, the plaintiff might plausibly state a claim for deliberate indifference to his need for surgery to repair his broken jaw. The plaintiff fails, however, to name a proper defendant to this claim. He does not

allege that either defendant Tuberville or Straub had any responsibility for his medical care after he was incarcerated. A defendant's personal involvement in the deprivation of constitutional rights is required to establish his or her liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005). The only other defendants plaintiff names are the police department and the sheriff's office, neither of which is a proper defendant to a suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Even construing claims against those agencies as claims against Metro itself, the plaintiff's claim would fail because he has not alleged any governmental policy or custom underlying the alleged violation of his rights, as necessary to establish the liability of a local government. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 694 (1978).

Because this claim fails to state a claim for which relief can be granted against any of the named defendants, the court need not address the extent to which it may be untimely. *See Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466–67 (6th Cir. 2010) (holding that continuing violations doctrine did not apply to prevent acts of deliberate indifference occurring more than a year before date of § 1983 complaint from being barred by Tennessee's one-year statute of limitations).

B. Assault and Arrest

All of the plaintiff's claims arising directly from his encounter with defendants Straub and Tuberville on October 30, 2013, however, are barred by the statute of limitations. Although the statute of limitations is an affirmative defense, district courts may apply it *sua sponte* on initial review where the defense is obvious from the face of the complaint. *Stephens v. Corr. Med. Servs.*, No. 3:04 CV P596 H, 2006 WL 2734432, at *3 (W.D. Ky. Sept. 21, 2006) (citing *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The statute of limitations that applies to § 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Under the prison mailbox rule, the plaintiff's complaint is deemed filed on October 27, 2015. (Docket Entry No. 1, at 4.) The plaintiff's claims for excessive force and unlawful arrest accrued on or within days of October 2013, regardless of whether they would implicate the invalidity of whatever criminal charges were brought against him, and the statute of limitations proceeded to run from that point without being tolled by any such charges or even a conviction. *Wallace v. Kato*, 549 U.S. 384, 390, 392–95 (2007) (rejecting the argument that *Heck v. Humphrey*, 512 U.S. 477 (1994), delays accrual of claim for unlawful arrest and holding that limitations period for such claim began to run as soon as plaintiff appeared before magistrate and was bound over for trial); *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (applying *Wallace* to hold claims for excessive force and unlawful arrest barred by statute of limitations). Those claims are thus filed too late by almost a full year.

Where exhaustion of state remedies is required by the PLRA to bring a § 1983 action, the applicable statute of limitations is tolled for the period that that those remedies are being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But the plaintiff's Fourth Amendment claims do not relate to prison conditions, and his complaint affirmatively establishes that he did not pursue such remedies. (Docket Entry No. 1, at 2.) Likewise, while the statute of limitations bar can conceivably be overcome by equitable tolling, the distraction of facing criminal charges itself does not provide a basis for equitable tolling, *Wallace*, 549 U.S. at 396, and plaintiff has not alleged any facts that would support application of equitable tolling to this case. *See Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004) (explaining in § 1983 case that "[t]he statute of limitations may be equitably tolled, however, if the plaintiff lacked actual or

constructive notice of the filing requirements, diligently pursued his rights, tolling would not prejudice the defendant, and the plaintiff was reasonably ignorant of the notice requirement.").

## V. CONCLUSION

For the reasons set forth above, this action must be dismissed as time-barred and for failure to state a claim for which relief can be granted. An appropriate order is filed herewith.

John T. Nixon
Senior United States District Judge